**UNITED STATES v. B. & M. EXTERNAL REMEDY (NATIONAL REMEDY CO., Claimant).**

District Court, S. D. New York. October 23, 1929.

Charles H. Tuttle, U. S. Atty., of New York City (Mario G. Di Pirro, of New York City, of counsel), for libelant.

McDermott & Turner, of New York City (Thomas R. Hart, Jr., of New York City, of counsel), for claimant.

FRANK J. COLEMAN, District Judge. The government has seized certain bottles of medicine pursuant to the National Food and Drugs Act (21 USCA §§ 1–15), alleging adulteration and misbranding, and the goods are now in the custody of this court in the present condemnation action. The government desires to take a few small samples for the purpose of making actual tests on animals in order to get evidence to prove the allegations of adulteration and misbranding. The claimant opposes on the ground that it would be deprived of its property without due process of law and that it would be subjected to unreasonable search and seizure and compulsory self-incrimination, contrary to the Fourth and Fifth Amendments.

I am unable to see the slightest merit in the contention that the tests would be com-

pelling claimant to incriminate itself or would subject it to unreasonable search and seizure, even though it be assumed that this is a penal action. The goods are now in the custody of the court, and no complaint is made about the seizure which placed them there. To permit the tests would not require claimant to do anything, nor to suffer any search or examination.

■■ As to its being deprived of property without due process of law, the amount involved is so trivial as to come within the de minimis rule. However, in order to prevent any possible injustice, I will require as a condition to granting the permission that the government pay the value of the samples taken in case the goods are not condemned. Furthermore, I think it proper to require that claimant be given samples from the same containers and that it be permitted to be present at all the tests. Settle order on notice.